UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BANK OF NEW YORK MELLON,

Plaintiff,

v.

MERIDIAN PRIVATE RESIDENCES HOMEOWNERS ASSOCIATION; INVEST VEGAS, LLC,

Defendants.

Case No. 2:17-cv-02097-RFB-PAL

**ORDER**

Before the Court comes Plaintiff Bank of New York Mellon ("Plaintiff")'s Motion for Default Judgment against Defendant Invest Vegas, LLC ("Defendant"). (ECF No. 19). This Defendant has not responded to the motion and has not appeared in this action despite being served on October 31, 2017. (ECF No. 12). A Clerk's Entry of Default was entered against Defendant on November 21, 2017. (ECF No. 15).

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of default, which must be made by the clerk following a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is entry of a default judgment under Rule 55(b), a decision which lies within the discretion of the court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and

(7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471-72. If an entry of default is made, the court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007).

The Court finds that the Eitel factors favor default judgment against Defendant. Plaintiff would be prejudiced in its ability to assert a quiet title claim against Defendant, as default judgment is the only means available given this Defendant's failure to appear. The Court also finds that Plaintiff sufficiently pleads that its Deed of Trust attaches to the property, and the Court also finds that the real property at stake merits default judgment. While there remains a possibility of a dispute of material fact, Defendant has failed to present any disputes. The Court does not find that there are any indications that Defendant's defaults were due to excusable neglect. Here, these factors outweigh the strong policy in favor of deciding cases on the merits.

Plaintiff does not seek an award of monetary damages or attorneys' fees and costs, but rather requests the Court declare that Defendant purchased the property at issue subject to Plaintiff's senior Deed of Trust. The Court now makes such declaration. By granting this relief, the Court does not address the substantive claims raised by Plaintiff in its Complaint.

Therefore, **IT IS ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 19) is GRANTED. The Clerk of Court is instructed to enter judgment in favor of Plaintiff as follows:

> The certain Deed of Trust, recorded as instrument number 20060330-0000474 (the "Deed of Trust") in the Official Records of the Clark County Recorder's Office (the "Official Records") on March 30, 2006 on title to real property known as 230 East Flamingo Road Unit 205, Las Vegas, Nevada 89169; APN 162-16-810-343 (hereinafter "Property") remains a valid and enforceable lien on title to the Property, and Defendant purchased the Property subject to Plaintiff's Deed of Trust.
>
> Plaintiff may proceed with foreclosure of its Deed of Trust pursuant to Nevada law.
>
> This judgment may be recorded in the Official Records to provide record, inquiry, and constructive notice to the world of Plaintiff's secured interest in the Property.

1    **IT IS FURTHER ORDERED** that, in light of the Order Granting the Stipulation of Dismissal as to Defendant Meridian Private Residences Homeowners Association (ECF No. 22), the Motion to Dismiss filed by Meridian Private Residences Homeowners Association (ECF No. 9) is DENIED AS MOOT.

The Clerk of Court is further instructed to enter judgment accordingly and to close this case.

DATED: August 8, 2018.

**RICHARD F. BOULWARE, II**
**United States District Judge**