UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>  Plaintiff,<br><br>  v.<br><br>MERIDIAN PRIVATE RESIDENCES HOMEOWNERS ASSOCIATION ET AL.,<br><br>  Defendants. | Case No. 2:17-cv-02097-RFB-BNW<br><br>ORDER |
| INVEST VEGAS LLC,<br><br>  Counter-Claimant,<br><br>  v.<br><br>BANK OF NEW YORK MELLON,<br><br>  Counter-Defendant. | |

**I.     INTRODUCTION**

Before the Court are two motions: Defendant-Counterclaimant Invest Vegas LLC's motion to reconsider (ECF No. 67) and its motion for a preliminary injunction (ECF No. 68). For the reasons state on the record which are incorporated by reference here, and any additional reasons stated in this Order, the Court DENIES these motions.

**II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND.**

The Court incorporates by reference the procedural history documented in the docket in this case.  The Court emphasizes the following portions of the procedural history of this case.

1    This matter arises out of a property dispute concerning the real property located at 230 East Flamingo Road, Unit 205, Las Vegas, Nevada 89169 ("subject property").  Relevant to the motions before the Court now are facts relating to (1) withdrawal of Invest Vegas' prior counsel and Invest Vegas' failure to obtain new counsel for nearly a year; (2) BoNYM's unopposed Motion for Summary Judgment that the Court granted on September 17, 2021, and (3) Invest Vegas's recent motion practice (by counsel), nearly a year after entry of final judgment against it.

On August 2, 2017 Plaintiff Bank of New York Mellon, acting as trustee for the Certificateholders of CWALT, Inc. Alternative Loan Trust 2006-OA7, Mortgage Pass-Through Certificates, Series 2006-OA7 (BoNYM), filed its complaint seeking quiet title over the subject property. ECF No. 1. Defendant Invest Vegas LLC (Invest Vegas) failed to answer the complaint within the time required and the Court granted BoNYM's motion for default judgment on August 9, 2018. ECF No. 24. On June 17, 2019, the BoNYM and Invest Vegas stipulated to set aside default judgment. ECF No. 36. The Court granted the stipulation on August 30, 2019. ECF No. 37.  On November 1, 2019, Invest Vegas filed its answer, raising defenses and a counterclaim against BoNYM. ECF No. 38. BoNYM answered the counterclaim on November 22, 2019. ECF No. 41.

On October 10, 2020, Magistrate Judge Wexler granted Invest Vegas's counsel leave to withdraw. ECF No. 53. Judge Weksler carefully noted that because Invest Vegas is a corporation, it must be represented by an attorney in this action and gave Invest Vegas thirty days to procure new counsel. Id. Judge Weksler noted that "Invest Vegas [was] further advised that failure to retain an attorney [might] result in the imposition of sanctions under Local Rule IA 11-8, including the entry of default judgment against it." Id.  Judge Weksler issued a subsequent order on December 8, 2020 noting that Invest Vegas had failed to comply with the prior order. ECF No. 56. Judge Weksler gave Invest Vegas until December 22, 2020 to retain counsel and have counsel file a notice of appearance, noting that failure to do so would force the Court to issue an order to show cause why sanctions should not be imposed for lack of compliance. Id. Judge Weksler further directed the Clerk of Court to "update the docket with Invest Vegas, LLC's agent's address . . . . the Clerk of Court is directed to send a copy of this minute order to the updated address." Id.

On October 26, 2020, BoNYM filed a motion for summary judgment. ECF No. 55. Invest Vegas did not oppose the motion. On September 17, 2021, the Court held a hearing on BoNYM's motion for summary judgment. ECF No. 61. Invest Vegas did not appear either directly or by counsel. Id. The Court granted BoNYM's unopposed motion. Id. The Clerk entered judgment in BoNYM's favor on September 23, 2021. ECF No. 62. At the direction of the Court, BoNYM submitted a proposed order to file with County Recorder to declare the Court's prior judgement and remove the *lis pendens* in this case. On August 23, 2022, the *lis pendens* was expunged and released. ECF No. 65.

On September 20, 2022, counsel for Invest Vegas entered their appearance. ECF No. 66. On September 20, 2022, Invest Vegas, by counsel, filed a motion "to reconsider Court's Order Granting Summary Judgment in Favor of [BoNYM]." ECF No. 67. On September 23, 2022, Invest Vegas, by counsel, filed a motion for preliminary injunction. ECF No. 68. The Court advanced the briefing schedule on these two motions on September 26, 2022 and held a hearing on this matter on October 4, 2022. ECF No. 70. This order follows.

### III.   LEGAL STANDARD

#### A. Motion for Reconsideration

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citation and quotation marks omitted). The moving party "must state with particularity the points of law or fact that the court has overlooked or misunderstood." Local Rule 59-1. A motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within 28 days of entry of judgment. "Otherwise it is treated as a Rule 60(b) motion for relief from a judgment or order." Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892 (9th Cir. 2001); Herron v. Wells Fargo Fin. Inc., 299 Fed. Appx. 713 (9th Cir. 2008).

Rule 60(b), in sharp contrast with Rule 59, offers courts many reasons to amend or alter

judgment in a given case. Specifically, the court may grant a motion brought pursuant to Rule 60(b) if it finds any of the following present:

"(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

It should be noted that the broad grounds for relief in Rule 60(b)(6) does not serve as a catch-all; the Supreme Court and the Ninth Circuit have restricted its use to extraordinary circumstances. See e.g. Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006) ("Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.")

### B. Motion for Preliminary Injunction

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the

continued viability of this doctrine post-Winter).  According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements.  Id. at 1134-35 (citation omitted)

### IV. DISCUSSION

The Court incorporates by reference its reasoning offered at the October 4, 2022 hearing.  In this short order, it highlights the following aspects of its decision.

Invest Vegas did not appear in this matter from October 10, 2020 to September 20, 2022.  The Court reached a decision on the merits in this matter on September 17, 2021.  Judgment was entered on September 23, 2021.  Pursuant to Rule 59, Invest Vegas had 28 days from that date to file its motion to reconsider.  Invest Vegas instead filed the instant motion to reconsider nearly a year later.  The motion is untimely, as per the plain text of Rule 59, so the Court construes it as a motion for relief from judgment pursuant to Rule 60(b).  Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892 (9th Cir. 2001); Herron v. Wells Fargo Fin. Inc., 299 Fed. Appx. 713 (9th Cir. 2008).  The Court rejects the argument that the date of expungement of a *lis pendens*, rather than the date of the Court's order deciding the case on the merits (in this case, granting an unopposed summary judgment on one of the arguments raised by BoNYM) starts the clock for filing a Rule 59 motion for reconsideration.  See, e.g. Zurich Am. Ins. Co. v. Ironshore Specialty Ins. Co., No. 18-16857, 2022 U.S. App LEXIS 1626 at *4 fn. 3 (9th Cir. Jan. 20, 2022) (agreeing with the Nevada Supreme Court that a judgment is final when it leaves "no issue of law or fact essential to the adjudication open for future determination") (internal citation and quotation marks omitted).

To the extent that Invest Vegas argues that there is a basis under Rule 60(b) for it to succeed on the merits of its motion for reconsideration, the Court finds that Invest Vegas has not established a basis for the granting of its motion. First, the Court notes that there is nothing new about its argument—it could have challenged the legality of BoNYM's tender and associated conditions in a filed opposition to BoNYM's motion for summary judgment.  Second, the Court finds that the

record in this case establishes that Invest Vegas received notice by various means of the filings in this case and Court's prior minute orders. Invest Vegas was mailed, at the address on file with the Court, a notice of Judge Weksler's December 8, 2021 order requiring it to procure counsel and BoNYM's motion for summary judgment, which BoNYM further mailed to Invest Vegas at four different addresses and to three different potential agents. The Court also mailed InvestVegas about the September 17, 2021 hearing, and subsequent judgment that issued on September 23, 2021. Because InvestVegas was on notice of the proceeding, its first counsel's withdrawal, and all subsequent activity in the case, the Court finds that there are not extraordinary circumstances or any other cognizable equitable circumstance that would support altering its entry of judgment. The Court cannot find any basis, in law or fact, to grant Invest Vegas' motion for reconsideration.

The Court also rejects Invest Vegas' preliminary injunction motion. As the Court has not granted the motion to reconsider and the case remains closed, there is no claim upon which a preliminary injunction may be based. There can thus be no likelihood of success on the merits or irreparable harm.

## V.     CONCLUSION

**IT IS ORDERED** that Defendant Counter-claimant Invest Vegas LLC's Motion for reconsideration (ECF No. 67) and Motion for a preliminary injunction (ECF No. 68) are DENIED.

DATED: October 4 2022.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**